IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| STEVEN BELLEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>INNERWORKINGS, INC.,<br><br><br>　　　　　Defendant. | CIVIL ACTION NO.<br>_____<br><br>(Fulton County Superior Court<br>Case No. 2014CV242748) |

**DEFENDANT INNERWORKINGS, INC.'S
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO:　THE HONORABLE JUDGES OF THE UNITED STATES
　　　DISTRICT COURT FOR THE NORTHERN DISTRICT OF
　　　GEORGIA, ATLANTA DIVISION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, InnerWorkings, Inc. ("Defendant" or "InnerWorkings"), through its undersigned counsel, hereby removes this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of this Notice, Defendant states as follows:

1.　　Plaintiff, Steven Bellen ("Plaintiff") was employed by InnerWorkings as a Senior Project Manager.  (Declaration of Tessa Owen, ("Owen Dec.") attached hereto as **Exhibit A, ¶** 3).   In that position, Plaintiff was primarily  responsible for

calling upon and servicing AT&T and AIO Wireless (an AT&T subsidiary), both of which are InnerWorkings' key customers that together generated in excess of $1 million dollars in annual revenue to InnerWorkings. (*Id*.).  Plaintiff voluntarily resigned from his employment with InnerWorkings on or around January 17, 2014. (Compl. ¶ 11).  Immediately prior to Plaintiff's last day of employment with Defendant, Defendant received information that Plaintiff was planning to accept employment with  InnerWorkings' direct competitor, Impact Design Works, ("Impact") that is pursuing business with AT&T, in violation of the non-competition, non-solicitation, confidentiality and other post-employment obligations contained in various agreements Plaintiff entered into while working for InnerWorkings.  (Owen Dec., ¶ 8).

2.     On or about February 24, 2014, Plaintiff commenced a civil action against Defendant in the Superior Court of Fulton County, Georgia by filing a complaint (the "Complaint") entitled, *Steven Bellen v. InnerWorkings, Inc*., Civil Action No. 2014CV242748 (the "State Court Action").  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed are attached hereto as **Exhibit B.**

3.     Plaintiff  provided a copy of the Complaint to counsel for Defendant via email on February 24, 2014.   A true and correct copy of Plaintiff's correspondence providing a copy of the Complaint is attached hereto as **Exhibit C.**

4.     In the Complaint, Plaintiff, seeks (1) a declaratory judgment that a certain employment agreement (the "Agreement") between Plaintiff and Defendant is unenforceable; (2) a temporary restraining order, interlocutory injunction and permanent injunction enjoining Defendant from "prevent[ing] Mr. Bellen from engaging in any act that would violate the relevant restrictive covenants of the Agreement."  (Compl. ¶¶ 20, 27).

5.     The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within 30 days after the receipt by Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

6.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is removable pursuant to 28 U.S.C. § 1441(a).

7.     Plaintiff is an individual, who, upon information and belief is a resident and citizen of Georgia.  (Compl. ¶ 2).  For purposes of determining

diversity jurisdiction, Plaintiff is, therefore, a citizen of Georgia.  *See* 28 U.S.C. 1332(c)(2).

8.    Defendant is a corporation organized pursuant to the laws of Delaware and has its principal place of business in Illinois.  For purposes of diversity jurisdiction, Defendant is a citizen of Delaware and Illinois.  *See* 28 U.S.C.§ 2332(c))(1) (a corporation shall be deemed a citizen of the states in which it has been incorporated and where it has its principal place of business).

9.    From Plaintiff's perspective, the value of the declaratory and injunctive relief that he is requesting exceeds $75,000, exclusive of interest and costs.  *See Federal Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F. 3d 805, 807 (11th Cir. 2001) ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.").  The value of requested injunctive relief is the amount the plaintiff would recover or avoid losing if the injunction was granted.  *Cohen v. Office Depot*, 204 F.3d 1069, 1077 (11th Cir. 2000).

10.   Plaintiff is seeking, among other things, to have his non-competition, non-solicitation, confidentiality, return of company materials, and other covenants declared unenforceable and to prevent Defendant from taking any action to ensure Plaintiff complies with these obligations.  (Compl. ¶¶ 8,   20, 27).   More

specifically, Plaintiff seeks declaratory and injunctive relief to prevent Defendant from enforcing the restrictive covenants that, according to Plaintiff, will prevent Plaintiff from working in his chosen profession for the next 24 months.  (Compl. ¶ 14).  Therefore, the monetary value of the object of the litigation from Plaintiff's perspective is at least equal to the amount of compensation that Plaintiff stands to earn in the next 24 months by competing with Defendant if his requests for declaratory and injunctive relief are granted.

11.    While employed by Defendant, Plaintiff received approximately $149,500.00 in compensation in 2012, including a gross salary in excess of $100,000 and a bonus in the amount of $42,500.  (Owen Dec., ¶ 4).   In 2013, Plaintiff received approximately $187,800 in compensation, including a gross salary of $105,652 and a bonus in excess of $77,000.  (Owen Dec., ¶ 5).  In 2014, Plaintiff's annual salary was set at $106,552.98.  (Owen Dec., ¶ 6).  If Plaintiff had continued his employment with Defendant through 2014, he would also have received an automobile allowance of $4,800 and an expected bonus of more than $35,000.  (*Id*.).

12.    Plaintiff appears to have resigned from his employment with Defendant in order to begin working for a competing business. (Compl., Exhibit A).   Although Defendant does not have access to Plaintiff's exact compensation

with a competing business, based on his pay history with Defendant, along with the fact that Plaintiff voluntarily resigned from his employment with Defendant, it is reasonable to infer that Plaintiff's compensation with any competitor would be reasonably equivalent to the compensation he received from Defendant. Upon information and belief, working for a competitor, Plaintiff stands to make close to the same amount in gross (*i.e.* over $250,000 over the next 24 months (the duration of the restrictive covenants) if he obtains the declaratory and injunctive relief he seeks.

13. Whether aggregate damages in excess of $75,000 are sought is left to the "common sense" of the Court. *Roe v. Michelin N. Am., Inc*. 613 F.3d 1058, 1061-1062 (11th Cir. 1010) ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the fact of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

14.    Thus, as a matter of common sense and judicial experience, the benefit to Plaintiff of equitable relief, which includes the ability to work for another employer for the 24-month term of Plaintiff's restrictive covenants, significantly exceeds the $75,000 jurisdictional minimum.

15.    Furthermore, the restrictive covenants in the Agreement are in place to protect Defendant's customer relationships worth in excess of $1 million dollars in annual revenue to Defendant.  (Compl., Exhibit A; Owen Dec., ¶ 3).

16.    Based on the foregoing, this Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

17.    The United States District Court for the Northern District of Georgia, Atlanta Division, is the proper place to file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending and cases from Fulton County are properly assigned to the Atlanta Division pursuant to 28 U.S.C. § 90(a)(2).

18.    Pursuant to 28 U.S.C. § 1446(d), a copy of  Defendant's Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of Fulton County, Georgia, a copy of which is attached hereto as **Exhibit D.**

19.    This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

20.    By filing this Notice of Removal, Defendant does not waive any of its denials, objections, or affirmative or other defenses.

21.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. § 1446(a)

Respectfully submitted, this 25th day of February, 2014.

/s/ Timothy R. Newton
Timothy R. Newton
Georgia Bar No. 542200
tnewton@constangy.com
W. Wright Mitchell
Georgia Bar No. 513680
wmitchell@constangy.com

**CONSTANGY, BROOKS & SMITH, LLP**
230 Peachtree Street, Suite 2400
Atlanta, GA 30303-1557
Tel:   (404) 525-8622                    Attorneys for Defendant
Fax:   (404) 525-6955                    InnerWorkings, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2014, I electronically filed the foregoing ***Defendant Innerworkings, Inc.'s Notice Of Removal*** with the Clerk of the Court using the CM/ECF system.  I further certify that I have this day served a copy of same on Plaintiff's counsel of record, via email and via First Class Delivery in the United States Mail in an envelope, with adequate postage affixed thereto, properly addressed as follows:

> Robert E. Johnson, Jr.
> Johnson Legal Group, P.C.
> One Securities Centre, Suite 1005
> 1490 Piedmont Road, N.E.
> Atlanta, Georgia 30305-4809
> REJ@JLGlawfirm.com

By:   /s/ Timothy R. Newton
      Timothy R. Newton
      Georgia Bar No. 542200

      Attorneys for Defendant
      InnerWorkings, Inc.

- 9 -